

Lauritano, Schlacter, Staller & Winograd, New York City (Joel Winograd, New York City, of counsel), for appellant.

Edward John Boyd, V, U. S. Atty. E. D. N. Y., Brooklyn, N. Y. (L. Kevin Sheridan and Robert L. Clarey, Asst. U. S. Attys., of counsel), for appellee.

Before MOORE, MULLIGAN and OAKES, Circuit Judges.

**UNITED STATES of America,**
**Appellee,**

v.

**David STOLZENBERG, Appellant.**

**No. 823, Docket 73–1661.**

United States Court of Appeals,
Second Circuit.

Submitted Jan. 7, 1974.

Decided March 13, 1974.

PER CURIAM:

This is an appeal from a conviction upon a single conspiracy count charging appellant Stolzenberg with conspiracy to import quantities of hashish into this country unlawfully. The facts are fully set out in United States v. Falley, 489 F.2d 33 (2d Cir. 1973), an opinion of this Court reversing the conviction of two of Stolzenberg's co-defendants and alleged co-conspirators.

At the trial below the government introduced into evidence a suitcase containing a large quantity of hashish, some hypodermic syringes, other drugs

and drug paraphernalia. The suitcase was introduced during the testimony of David Gibbons, an alleged co-conspirator, who was acting as a witness for the government during the prosecution of this case. According to the government, the suitcase was seized when it was brought into the country by Gibbons on December 26, 1971. The evidence was introduced to buttress the testimony of Gibbons, the alleged accomplice. "[T]he prosecution wanted to show that Gibbons' testimony was not entirely a figment of his imagination; it was wanted to prove, in the most concrete way possible, that Gibbons was indeed a smuggler of hashish." United States v. Falley, *supra*, at 37.

This Court reversed the conviction of the Falleys because the probative value of the evidence was clearly outweighed by the potential for prejudice to them. Although Gibbons, according to the government, had twice acted as a courier in the Stolzenberg-Falley importation scheme, the abortive December 26, 1971, suitcase episode was not part of that scheme. Rather, according to Gibbons, the suitcase was to be delivered to Stolzenberg only pursuant to an alleged private arrangement between themselves. Appellants' Appendix, at 101–06. Because the suitcase had only the most peripheral relevance to the charges against the Falleys and because there was a substantial possibility that the introduction of this sensational real evidence tarred all of the defendants in the eyes of the jurors, the probative value of the evidence was clearly outweighed and this Court reversed the conviction of the Falleys. The same considerations, however, do not mandate reversal for appellant Stolzenberg.

All parties concede that the Falleys had no connection to the suitcase. Stolzenberg, on the other hand, was its alleged recipient. The evidence was not introduced to show that defendant Stolzenberg was an habitual criminal. Not only did the evidence bolster the testimony of Gibbons, but also it was probative, *vis-a-vis* Stolzenberg and Gibbons,

of the organization and structure of a larger conspiracy. Consequently, the suitcase had far greater direct evidentiary value with respect to the charges against Stolzenberg than it had with respect to the Falleys and it was, therefore, not as easily outweighed by its potentially inflammatory impact. So long as the correct limiting instruction was given to the jury, there is no reason why such evidence should have been excluded. *See* United States v. Miller, 478 F.2d 1315 (2d Cir. 1973); United States v. Stadter, 336 F.2d 326 (2d Cir. 1964), cert. denied, 380 U.S. 945, 85 S.Ct. 1028, 13 L.Ed.2d 964 (1965).

Affirmed.