**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank ELIANO, Defendant-Appellant.**

**No. 881, Docket 75–1035.**

United States Court of Appeals, Second Circuit.

Argued April 29, 1975.

Decided July 28, 1975.

David V. Keegan, Garden City, N. Y. (McCoyd & Keegan), Garden City, N. Y., for defendant-appellant Eliano.

Steven K. Frankel, Sp. Atty. for the U. S. Dept. of Justice (Paul J. Curran, U. S. Atty. for the Southern District of New York, Lawrence S. Feld, Asst. U. S. Atty., on the brief), for plaintiff-appellee.

Before MOORE and MANSFIELD, Circuit Judges, and HOLDEN, District Judge.*

PER CURIAM:

The appellant appeals from a judgment of conviction entered on December 5, 1974, after a jury trial in the Southern District of New York. He was found guilty of three counts of wilful evasion of income taxes in violation of 26 U.S.C. § 7201 (1970) and of one count of failure to file an income tax return, in violation

---

* Of the United States District Court for the District of Vermont, sitting by designation.

of 26 U.S.C. § 7203 (1970).[1] We find no prejudicial error in the trial below and, therefore, affirm the conviction.

■ The first issue on appeal is the propriety of the admission into evidence of the appellant's prior conviction in a state court.[2] He contends that this evidence was irrelevant and prejudicial since the defendant did not testify in his own behalf. We disagree. The evidence was clearly relevant to the issue of whether the appellant had evaded income taxes. The state conviction tended to prove that Eliano had caused one woman to engage in prostitution and her prostitution was the alleged source of the appellant's unreported income. The law of this Circuit is:

> (E)vidence of other criminal offenses is admissible if it is relevant for some purpose other than merely to show a defendant's criminal character, provided that its potential for prejudicing the defendant does not outweigh its probative value. *United States v. Papadakis,* 510 F.2d 287, 294 (2d Cir. 1975).

Beyond establishing the appellant's evasion of income taxes, the evidence of his conviction also corroborated the testimony of one of the prostitutes, called as a Government witness, whose credibility had been attacked by defense counsel. Weighing the probative value of the conviction against its prejudicial effect, we conclude that the admission of the evidence did not deprive the appellant of a fair trial. In making this determination, we are particularly mindful of the cautionary instruction given by the judge, which served to protect the accused against the possible prejudicial effect of his earlier conviction in the state court.

■ Secondly, the appellant argues that the conviction must be reversed because the entire twenty-five count state indictment was submitted to the jury as an exhibit, although only Count Two was

received in evidence. However, the jury sent a note to the Court requesting a rereading of the exact wording of the second count to which the appellant had pled guilty. The colloquy between the Court and Juror # 5, in which the juror stated that the jury "couldn't seem to locate" the state court indictment, indicates that the jury did not see the entire indictment and, consequently, could not have been prejudiced by it. The error claimed was harmless.

■ Finally, the appellant contends that the judgment must be reversed because the special strike force attorney, assigned by the Assistant Attorney General to appear and present the evidence in this case to the Grand Jury, was not properly authorized. This very issue was decided adversely to the claim advanced here by this Court. *In re Grand Jury Subpoena of Persico,* 522 F.2d 41 (2d Cir. 1975). The decision in that appeal is controlling here.

The conviction is affirmed.

---

1. On January 10, 1975, the defendant was sentenced to 3 years concurrently on each of the wilful evasion counts and to 6 months on the failure to file count. The 6 months are to be served consecutively with the 3 year sentence.

2. On May 31, 1972, the defendant entered a plea of guilty to one count of promoting prostitution.