FEINBERG, Circuit Judge:
Earl Williams appeals from his conviction for conspiracy to commit bank larceny in violation of 18 U.S.C. § 371, after a jury trial before Judge Gerard L. Goettel in the United States District Court for the Southern District of New York.[1] This appeal primarily involves nuances regarding the admissibility of other crimes evidence that were not dealt with in our recent companion decisions in United States v. Benedetto, 571 F.2d 1246 (2d Cir. 1978), and United States v. Gubelman, 571 F.2d 1252 (2d Cir. 1978). We affirm the judgment of conviction.
I
Appellant does not challenge the sufficiency of the evidence against him. The Government’s case was principally based on the testimony of a co-conspirator named Theodore Simmons, who was a bank teller at a branch office of the Bank of New York. From the evidence, the jury could have found the following: On April 14, 1975, appellant, Simmons and the other co-conspirators [2] met to formulate plans for “robbing” the bank at which Simmons worked.[3] When Simmons indicated his reluctance to act as the “inside” man, appellant reassured Simmons by saying “You know, the FBI are dumb and, you know, I did bank jobs before.” Appellant also actively participated in discussing the details of the larceny, which, at appellant’s suggestion, was carried out the following day. At that time, one of the conspirators approached the teller window where Simmons worked, handed him a note which read “Money Insured — Life Isn’t — All Big Bills,” and quickly left the bank with money handed over by Simmons. While none of the witnesses testified that they had seen Williams at the scene of the crime, Simmons stated that another co-conspirator had said that he and appellant had been outside the bank with a shotgun during the commission of the larceny.
The Government attempted in several ways to bolster its case against appellant, which was based principally on Simmons’ testimony. First, the prosecution introduced Simmons’ telephone book, which contained the number of appellant’s brother-in-law, who had previously testified that appellant had resided with him during the *191 time period of the conspiracy. Such evidence corroborated Simmons’ story and also incriminated appellant further, since an FBI agent testified that Williams had falsely denied knowing Simmons at the time of his arrest. Next, Simmons testified to an arguably incriminating conversation with Williams several months after the larceny and after Simmons had been arrested. Finally, the Government produced evidence of appellant’s conviction in 1972 for receipt of the proceeds of a bank robbery.[4]
II
Appellant most strenuously challenges the admission of his prior conviction. In United States v. Benedetto, supra, and United States v. Gubelman, supra, we set forth at some length the analysis to be applied by the district courts in deciding whether to admit other crimes evidence. Under both our prior precedents and the Federal Rules of Evidence, the trial judge must first find that the proffered evidence is relevant to some issue at trial other than to show that the defendant is a bad man.[5] Then, if the judge finds the evidence is relevant, he must also determine that the probative worth of, and the Government’s need for, the evidence is not substantially outweighed by its prejudice to the defendant.[6] See id. at 1254; United States v. Benedetto, supra, 571 F.2d at 1248-49. Only when both of these tests have been affirmatively satisfied is the evidence properly admitted. However, when the trial tourt has carefully made the requisite analysis, the exercise of his broad discretion will not be lightly overturned. See United States v. Deaton, 381 F.2d 114, 118 n. 3 (2d Cir. 1967). And we note at the outset that this consideration is especially pertinent here, since Judge Goettel was presiding over appellant’s retrial and was therefore uniquely well situated to pass on the admissibility of the prior conviction.
A
The district court ruled that the pri- or conviction was relevant to corroborate Simmons’ testimony that appellant had previously robbed banks and also to demonstrate appellant’s intent in participating in the planning of the larceny. As to the latter ground, appellant claims that intent was not genuinely contested and that therefore the prior conviction should not have been admitted under this theory. In the past, we have indicated that other crimes evidence is inadmissible to prove intent when that issue is not really in dispute. See United States v. DeCicco, 435 F.2d 478, 483-84 (2d Cir. 1970); accord, United States v. Ring, 513 F.2d 1001, 1006-10 (6th Cir. 1975). Thus, the question of intent will usually not be in issue if the defendant takes the stand and, as his sole defense, claims that he did not commit the alleged acts at all. See United States v. Benedetto, supra, 571 F.2d at 1249; United States v. Gubelman, supra, 571 F.2d at 1254 n. 8. However, in this case, the testimony linking appellant to the conspiracy was subject to an innocent interpretation and appellant, who presented no evidence, did not affirmatively take the issue of intent out of the case. Accordingly, the district judge did not err in allowing the Government to introduce evidence on that point. See United States v. Johnson, 382 F.2d 280, 281 (2d Cir. 1967); see also United States v. Freedman, 445 F.2d 1220, 1224 (2d Cir. 1971).
Indeed, a review of the trial record shows that the question of appellant’s in- *192 tent was in contention, since the Government’s inability to produce direct evidence of appellant’s presence at the scene of the crime focused attention on Simmons’ recollection of the conspirators’ meeting of April 14, 1975. In summation, appellant’s counsel was able to suggest that, contrary to Simmons’ allegedly unreliable testimony, Williams had not attended the crucial meeting, and moreover, that even if he had, such attendance did not constitute intentional participation in a conspiracy to commit bank larceny.[7] We agree with Judge Goet-tel that the evidence of appellant’s prior conviction was probative of his intent because it tended to “show that [appellant was] not just sitting around talking wild stories, that [he] really did intend to carry out a robbery . . . .” See United States v. Cavallaro, 553 F.2d 300, 305 (2d Cir. 1977); United States v. Miranda, 526 F.2d 1319, 1331 (2d Cir. 1975), cert. denied, 429 U.S. 821, 97 S.Ct. 69, 50 L.Ed.2d 82 (1976) ; see also United States v. Kirk, 528 F.2d 1057, 1060-61 (5th Cir. 1976); 2 Wein-stein’s Evidence 11404[09], at 404-50 to -51 (1977) .
The district court also regarded the other crimes evidence as relevant to corroborate crucial accomplice testimony. As stated above, Simmons averred that his doubts concerning the feasibility of robbing his bank were allayed by appellant’s assurance of expertise based upon prior experience, and appellant’s prior conviction obviously corroborated that portion of Simmons’ story. While Federal Rule of Evidence 404(b), see note 5 supra, does not specifically refer to corroboration as an example of the use of other crimes evidence, this is not controlling. The categories listed in Rule 404(b) are not exhaustive, see 2 Weinstein’s Evidence 1404[08], at 404 — 42 (1977), and we have long been committed to the inclusory form of the rule, so “that evidence of other crimes is admissible, if relevant, except when offered solely to prove criminal character.” United States v. Papadakis, 510 F.2d 287, 294 (2d Cir.), cert. denied, 421 U.S. 950, 95 S.Ct. 1682, 44 L.Ed.2d 104 (1975). Nonetheless, appellant claims that the other crimes evidence was inadmissible under the rubric of corroboration because it failed to prove a “consequential fact.” However, the prior conviction strongly bolstered a key portion of Simmons’ inculpatory testimony and thereby tended through a series of direct inferences to prove appellant’s participation in the conspiracy — the ultimate fact to be proved by the Government. The admission of such other crimes evidence has been repeatedly approved in this circuit. See, e. g., United States v. Taylor, 562 F.2d 1345, 1358 (2d Cir.), cert. denied, Salley v. United States, 432 U.S. 909, 97 S.Ct. 2958, 53 L.Ed.2d 1083 and Ramsey v. United States, 434 U.S. 853, 98 S.Ct. 170, 54 L.Ed.2d 124; Green v. United States, 434 U.S. 853, 98 S.Ct. 170, 54 L.Ed.2d 124 (1977); United States v. Bermudez, 526 F.2d 89, 96 (2d Cir. 1975), cert. denied, 425 U.S. 970, 96 S.Ct. 2166, 48 L.Ed.2d 793 (1976); United States v. Eliano, 522 F.2d 201 (2d Cir. 1975); United States v. Stolzenberg, 493 F.2d 53, 54 (2d Cir. 1974); United States v. Bozza, 365 F.2d 206, 213-14 (2d Cir. 1966). We recognize that the other crimes evidence in many of these cases was admissible on grounds additional to corroboration. Nevertheless, logic and the inclusory form of Rule 404(b) do not suggest exclusion of similar acts even if the trial court finds that such evidence is relevant only for corroboration purposes, provided that the corroboration is direct and the matter cdrroborated is significant. Therefore, even if we had not already found that the prior conviction was probative of intent, we would still affirm the district judge’s exercise of discretion in admitting the evidence.
B
Appellant further contends that even if the prior conviction was relevant, *193 the district court erred in not excluding it because of its prejudicial effect. However, the trial judge has broad discretion under Rule 403, see note 6 supra, to admit relevant other crimes evidence. See, e. g., United States v. Gubelman, supra, 571 F.2d at 1255-56; accord, United States v. Fair-child, 526 F.2d 185, 189 (7th Cir. 1975) (Stevens, J.), cert. denied, 425 U.S. 942, 96 S.Ct. 1682, 48 L.Ed.2d 186 (1976). Judge Goettel waited until the close of the Government’s case before admitting the prior conviction. We find no error in this exercise of discretion, since the probative value of the evidence was not “substantially outweighed by the danger of unfair prejudice” to appellant. Fed.R.Evid. 403, Simmons’ revelation of appellant’s self-proclaimed experience in robbing banks, to which appellant did not object at trial, minimized the prejudicial impact of actually proving the prior conviction. By comparison, evidence of the latter was both probative of appellant’s intentional participation in the April 14 meeting of the conspirators and corroborative of an important detail in the testimony of the key witness against appellant.
C
Appellant’s last contention concerning other crimes evidence focuses upon the allegedly erroneous jury instructions given by the district court regarding the prior conviction. However, Judge Goettel specifically charged the jury that they could not consider Williams’s prior conviction as bearing upon his intent unless they first found beyond a reasonable doubt that appellant had actually participated in the planning of the bank robbery. The district judge also indicated that the prior conviction had been admitted to substantiate Simmons’ testimony. Viewed as a whole, the jury instructions and charge sufficiently explained the proper limited purposes of the other crimes evidence, while repeatedly warning the jurors not to consider it as indicating appellant’s propensity to commit the crimes for which he had been indicted. These instructions were substantially correct. While it is true that following them required considerable mental agility, courts assume that jurors possess that ability. In this instance— as elsewhere in the law — we will not presume that the jury was either unwilling or unable to follow Judge Goettel’s charge. In sum, we find no reversible error.
Ill
Finally, appellant claims that the district court erroneously admitted a post-conspiracy conversation between Simmons and appellant. Simmons testified that, after appellant had acknowledged hearing about Simmons’ arrest, appellant had remained silent when Simmons stated that “you [Williams] don’t have to worry, because I haven’t told anyone about you or Carson, so you are in the clear.” Appellant urges that this conversation was inadmissible hearsay, since the statements offered into evidence were not made “during the course and in furtherance of the conspiracy,” as required by Federal Rule of Evidence 801(d)(2)(E). The Government concedes that this Rule is inapplicable, but argues that the conversation was properly allowed into evidence as (a) non-hearsay statements under Rule 801(c) because they were not “offered to prove the truth of the matter asserted,” and (b) an adoptive admission under Rule 801(d)(2)(B).[8]. Since we agree with the latter proposition, we do not reach the merits of the former.[9]
*194 In United States v. Flecha, supra, 539 F.2d at 876-77, this court addressed a situation in which one of several co-defendants under arrest apparently turned to another and said in Spanish, “Why so much excitement? If we are caught, we are caught.” We there concluded that in light of the custodial circumstances it was not likely that the appellant would have responded to such a vaguely phrased comment and that, therefore, Rule 801(d)(2)(B) was inapplicable. Here, however, Williams and Simmons met in the street. If appellant had truly been an innocent bystander, it is more probable than not that he would have vigorously asserted his non-involvement in the conspiracy when told that, unlike those already arrested, he was in the clear because his larcenous participation had not been betrayed to the authorities. Since this natural reply was not forthcoming, we hold that the conversation constituted an adoptive admission within the circumscribed purview of Rule 801(d)(2)(B). See United States v. Flecha, supra; United States v. King, 560 F.2d 122, 134 (2d Cir.), cert. denied, 434 U.S. 925, 98 S.Ct. 404, 54 L.Ed.2d 283 (1977).
We have carefully considered all of appellant’s contentions and find them to be without merit. The judgment of conviction is affirmed.

. Appellant’s prior trial, also before Judge Goettel, resulted in a hung jury. In his second trial, appellant was acquitted of the substantive offense of bank larceny, 18 U.S.C. § 2113(b). The judge imposed a 4‘A year prison sentence for the conspiracy conviction.

. Simmons and two other conspirators, Carson Corley and Fred Attaway, pleaded guilty. Before appellant’s first trial, however, Attaway died of gunshot wounds. The Government entered nolle prosequi orders as to two other alleged conspirators.

. Since the bank funds were handed over by a conspirator (Simmons), the crime was bank larceny and not bank robbery. Compare 18 U.S.C. § 2113(a) with id. § 2113(b).

. Appellant rested without presenting any evidence.

. See Fed.R.Evid. 404(b), which provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

. See Fed.R.Evid. 403, which provides:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

. Counsel argued as follows:
I want to suggest to you, ladies and gentlemen, that mere presence, assuming you believe Earl Williams was present on April 14, 1975, that mere presence at a place where a conversation is taking place concerning a bank robbery, mere presence is not a crime; nor is association with people who may have committed crimes in the past a crime . . .

. That Rule provides in relevant part:
(d) A statement is not hearsay if—
(2) The statement is offered against a party and is . (B)’ a statement of which he has manifested his adoption or belief in its truth .

. The Government contends that the statements were introduced to show appellant’s state of mind at the time of his arrest over a year later, which in turn explains why he presumably felt safe at that time in falsely denying to the FBI that he knew Simmons. Under this theory, the truth or falsity of Simmons’ statement that appellant was “in the clear” is immaterial. We do not pass on this contention, although we note that, assuming that Simmons’ comment was admissible to show appellant’s later state of mind, it is not readily apparent why his failure to respond to Simmons’ statement would also be admissible on this theory. See United States v. Flecha, 539 F.2d 874, 878 (2d Cir. 1976).