**UNITED STATES of America, Appellant,**

v.

**Henry HELSTOSKI, D. John Mazella, Alfred A. Porro and Vincent L. Verdiramo, Appellees.**

**No. 80–1592.**

United States Court of Appeals, Third Circuit.

Argued Sept. 15, 1980.

Decided Nov. 3, 1980.

---

Kenneth N. Laptook, Asst. U. S. Atty. (argued), Robert J. Del Tufo, U. S. Atty., Newark, N. J., for appellant.

Morton Stavis (argued), Neil Mullin, Newark, N. J., for appellee, Henry Helstoski.

Nicholas L. Gigante, Fort Lee, N. J. (argued), for appellee, D. John Mazella.

Stanley M. Brand, General Counsel to the Clerk, U. S. House of Representatives Washington, D. C. (argued), Steven R. Ross, Asst. Counsel to the Clerk, U. S. House of Representatives, Washington, D. C., for amicus curiae Honorable Thomas P. O'Neill, Jr., Speaker of the U. S. House of Representatives.

Before GIBBONS, WEIS and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

The speech or debate clause of the Constitution, born of historic strife between Crown and Parliament, is designed to protect the independence of Congress. The importance of this objective requires that the privilege be construed generously. In this appeal we are presented with the question whether an indictment based upon evidence protected by the speech or debate clause is valid. We conclude that it is not and affirm the district court's dismissal of the indictment.

A federal grand jury sitting in Newark, New Jersey, returned a 12 count indictment against former Congressman Henry Helstoski, two of his aides, and D. John Mazella, treasurer of the Citizens Committee, Helstoski for Congress. Following appeals to this court and the United States Supreme Court, the district court granted the defendant Helstoski's renewed motion to dismiss the charges against him because evidence violating the speech or debate clause had been submitted to the grand jury. The court also dismissed certain perjury counts against defendant Mazella, but left for trial two charges of conspiracy and obstruction of justice against Mazella and Alfred A. Porro, one' of Helstoski's aides.[1]

---

1. Another one of the Congressman's aides, Vincent L. Verdiramo, pleaded guilty to one count of obstruction of justice and the remaining count against him was dismissed.

The indictment charges Helstoski with violating a statute prohibiting the bribery of public officials, 18 U.S.C. § 201(c)(1) (1976), by acting with others to solicit and obtain bribes from aliens in return for introducing private legislation on their behalf. Several counts accuse him of conspiracy, obstruction of justice, and making false material statements to the grand juries that investigated the matter.

This is the second time this case has come before us. In the first appeal, we held the congressman had not waived his rights under the speech or debate clause and the district court properly ruled in limine that at trial the government could not introduce evidence of past legislative acts. We also refused to issue a writ of mandamus directing the district judge to dismiss the first four counts of the indictment. *United States v. Helstoski*, 576 F.2d 511 (3d Cir. 1978) (*Helstoski I*). The Supreme Court affirmed in two separate opinions, *United States v. Helstoski*, 442 U.S. 477, 99 S.Ct. 2432, 61 L.Ed.2d 12 (1979); *Helstoski v. Meanor*, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979). In the latter case, agreeing with our holding that mandamus was not an appropriate remedy, the Court pointed out that Helstoski had a right of appeal from the district court's order. The Court said that the speech or debate clause was designed to protect senators and congressmen not only from conviction, but from trial as well, and therefore, following the rationale of *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), concluded that a speech or debate challenge to the indictment is reviewable before trial begins. *Helstoski v. Meanor, supra* at 508, 99 S.Ct. at 2449.

On remand, the government voluntarily dismissed counts I through VI, as well as XII, and the defendants renewed their motions to dismiss the remaining counts. After reviewing the transcripts of the material, including Helstoski's testimony presented to the various grand juries,[2] the district judge found that evidence violating the speech or debate clause was so extensive that it completely infected those proceedings:

"Such materials included testimony concerning Helstoski's motivations for the introduction of private immigration bills, the procedures by which such bills were presented in the House of Representatives, his office procedures for handling such requests, as well as correspondence and files concerning these bills and copies of the bills themselves.

\* \* \* \* \* \*

"The repeated references to Speech or Debate material throughout this indictment makes it specious to assert that the grand juries did not thoroughly consider this evidence."

In response to a government suggestion that the counts charging obstruction of justice and perjury could be isolated from those bearing directly on legislative acts, the district judge said, "[I]t is totally unrealistic to cull out single counts of this indictment. The receipt of evidence in violation of Helstoski's Speech or Debate privileges permeated the entire grand jury process. The entire proceeding was tainted by such evidence."

The district court reasoned that the Supreme Court's pointed reference to Helstoski's right to pretrial appeal indicated that there was a substantive right to quash the indictment if a speech or debate clause violation had occurred. Finding that counts VII and VIII were utterly dependent upon materials violative of the clause, the district

---

**2.** At the time that this indictment was returned, there was a regular practice in the District of New Jersey of utilizing different grand juries on each of six days in a week. The United States Attorney could present evidence whenever he chose and thus grand juries hearing testimony in any one investigation varied from day to day. Helstoski himself testified on ten occasions before eight different grand juries.

Although transcripts of prior testimony were made available, this procedure precluded the indicting grand jury from observing the demeanor of all the witnesses who testified. We were advised by the government at oral argument in this case that this questionable practice has ceased, so we need not comment further.

court dismissed those charges against Helstoski. Those counts, however, were not dismissed as to the other defendants.

After scrutinizing the perjury charges against Mazella in counts IX, X, and against Helstoski in count XI, the court ordered their dismissal because count XI required evidence violating the privilege and the other counts failed to meet the specificity mandates of our cases. *United States v. Tonelli*, 577 F.2d 194 (3d Cir. 1978); *United States v. Crocker*, 568 F.2d 1049 (3d Cir. 1977); *United States v. Slawik*, 548 F.2d 75 (3d Cir. 1977). The government appeals.

Although in *Helstoski I, supra* at 519, we opined that the grand jury violation could be left for decision on appeal from a final judgment, the Supreme Court declared that the clause precludes prosecution, as well as conviction. When Helstoski renewed his motion, therefore, the district court was required to pass upon the defendant's contention that forcing him to stand trial would violate the privilege. The government contended that some counts could be tried without reference to speech or debate matters.

We did determine in *Helstoski I* that counts I through IV[3] on their face were not invalid. Although they did mention legislative acts, we held that to establish a prima facie case, the "government need not show any of the legislative acts for which the defendant allegedly accepted payments." *Id.* at 517. Relying on *United States v. Brewster*, 408 U.S. 501, 92 S.Ct. 2531, 33 L.Ed.2d 507 (1972), we determined that the defendant had not made a sufficient showing to justify the issuance of mandamus. *Helstoski I, supra* at 517.

The Supreme Court did not decide the applicability of *Brewster* but found that we had properly determined that mandamus was not the appropriate remedy. *Helstoski v. Meanor, supra*. Because of its holding on mandamus, the Court did not reach defendant's contention that the grand jury proceedings were polluted by the presentation of evidence violating the speech or debate clause. Since the government's appeal properly presents the issue, we address the merits of the defendant's argument.

■ We turn, therefore, to the dismissal of counts VII and VIII. Under the general rule as expounded in *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), and *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), a court will not look behind the face of an indictment and invalidate it because the grand jury received inadequate or incompetent evidence. The basis for disapproval of the evidence, however, is important. In *United States v. Calandra, supra*, and *Lawn v. United States*, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958), for example, the Court rejected challenges to indictments based on information that was incompetent because it had been obtained in violation of constitutional rights. The Court carefully distinguished that situation, however, from instances where what was transpiring before the grand jury would itself violate a constitutional privilege, *United States v. Calandra, supra* at 346, 94 S.Ct. at 619.

In considering whether the protection provided by the speech or debate clause was infringed in the grand jury proceedings, we need not repeat our recent discussions of the history and purposes of that constitutional privilege at length. *See Helstoski I, supra; In re Grand Jury (Intervenor "A")*, 587 F.2d 589 (3d Cir. 1978); *In re Grand Jury (Cianfrani)*, 563 F.2d 577 (3d Cir. 1977). The clause provides, "[F]or any Speech or Debate in either House [senators and representatives] shall not be questioned in any other Place." U.S.Const., art. I, § 6, cl. 1. The privilege is not one of nondisclosure but of nonevidentiary use. *In re Grand Jury (Cianfrani), supra* at 584. It is also testimonial in nature—a congressman may not be required to testify to a legislative act even in third party cases. *Gravel v. United States*, 408 U.S. 606, 622, 92 S.Ct. 2614,

---

**3.** Helstoski's original motion referred only to counts I–IV. Subsequent to the Supreme Court's decision and the government's voluntary dismissal of seven counts, the defendant expanded his motion to dismiss by including all remaining counts.

2625, 33 L.Ed.2d 583 (1972). *Helstoski v. Meanor, supra* at 506, 99 S.Ct. at 2440. In another reference, the Court observed that the protection afforded is far broader than a simple prohibition against an offer to prove a legislative act. "[The clause] provides that Members shall not be *questioned* in any other Place." *United States v. Helstoski, supra* at 489, 99 S.Ct. at 2440.

The privilege was not waived in this case, and the district court explicitly found that improper testimony before the grand jury was a substantial factor underlying the indictment. The Supreme Court has said that the guarantees of the clause are vital to our system of government and should be treated with "the sensitivity that such important values require." *Helstoski v. Meanor, supra* at 506. We need not do more here than take the language of the Constitution at face value to find that violations did occur at the grand jury stage.

This case is distinguishable from *Calandra* and *Lawn* where the grand jury itself did not violate the accused's constitutional rights but only considered evidence obtained by others in an unlawful manner. In those cases the evidence, per se, was not constitutionally barred. In contrast, the evidence of past legislative acts that the government introduced against the congressman in this case directly contravened the speech or debate clause. The Court has held that introducing "information as to a legislative act—speaking or debating—. . . would subject a Member to being 'questioned' in a place other than the House or Senate, thereby violating the explicit prohibition of the Speech or Debate Clause." *United States v. Helstoski, supra* at 490, 99 S.Ct. at 2440. "[I]t is the very act of questioning that triggers the protection of the Speech or Debate Clause." *In re Grand Jury (Intervenor "A"), supra* at 598.

The purposes served by invoking the speech or debate clause vary greatly from those that the Supreme Court has considered and rejected in other cases seeking to quash indictments. *E. g., United States v. Calandra, supra* (deterrence of future police violations through application of the exclusionary rule). The Court, however, has never held that a speech or debate violation before the grand jury necessitates the quashing of the indictment. Although the issue was not squarely presented in *United States v. Johnson*, 383 U.S. 169, 86 S.Ct. 749, 15 L.Ed.2d 681 (1966), that case must be examined.

In *Johnson* the Court of Appeals for the Fourth Circuit, finding a count of an indictment unconstitutional, set aside a conspiracy conviction based on the charge that for compensation a congressman had made a speech on the House floor. 337 F.2d 180, 192 (4th Cir. 1964). The Supreme Court stated that the speech or debate clause "extends at least so far as to prevent [the allegation in the indictment] from being made the basis of a criminal charge against a member of Congress. . . ." 383 U.S. at 180, 86 S.Ct. at 755. The Court also observed that the privilege existed "to prevent intimidation by the executive and accountability before a possibly hostile judiciary." *Id.* at 181, 86 S.Ct. at 755. Moreover, "the instigation of criminal charges" is the "predominate thrust" of the clause. In scrutinizing a criminal prosecution drawing into question legislative acts or the motivation for performing them, "we look particularly to the prophylactic purposes of the clause." *Id.* at 182, 86 S.Ct. at 756 (footnote omitted).

After holding that prosecution dependent upon inquiries into the content of the speech and the motives underlying its delivery contravened the privilege, the Court said, "The making of the speech, however, was only a part of the conspiracy charge. With all references to this aspect of the conspiracy eliminated, we think the Government should not be precluded from a new trial on this count, thus wholly purged of elements offensive to the Speech or Debate Clause." *Id.* at 185, 86 S.Ct. at 758. On remand, the district court, without objection from the government, dismissed the conspiracy count and the defendant was convicted on other charges not subject to speech or debate protection. *United States v. Johnson*, 419 F.2d 56, 58 (4th Cir. 1969),

cert. denied, 397 U.S. 1010, 90 S.Ct. 1235, 25 L.Ed.2d 423 (1970).

We must also consider *United States v. Brewster*, 408 U.S. 501, 92 S.Ct. 2531, 33 L.Ed.2d 507 (1972), where the district court dismissed an indictment charging that bribes were solicited and received for the performance of legislative acts. The Supreme Court held that, although the indictment referred to legislative acts that were actually performed, the indictment could stand because, "[t]o make a prima facie case under this indictment, the Government need not show any act of [Brewster] subsequent to the corrupt promise for payment." Furthermore, a conviction could be sustained without "inquir[ing] into the [legislative] act or its motivation." *Id.* at 526–27, 92 S.Ct. at 2544–2545.

Neither *Brewster* nor *Johnson* went behind the face of the indictment, and apparently, it was not contended in either case that the mere introduction of speech or debate material before the grand jury invalidated the indictment. It can be argued that implicit in the Court's holdings that the cases could be tried without reference to protected matters was the conclusion that the grand juries' considerations of the privileged material were not fatal to the indictments. *See United States v. Myers*, 635 F.2d 932 (2d Cir. 1980); *United States v. Johnson, supra* at 58. Particularly in the circumstances of this case, however, where the infection cannot be excised, we are unwilling to adopt an interpretation limiting a right the Court has told us is so vital that it must be treated with sensitivity.

We do not know whether transcripts of the grand jury proceedings were available in *Johnson* and *Brewster*. Only in recent years has verbatim recording of grand jury proceedings become common. *See United States v. Lardieri*, 497 F.2d 317, 318 n.2 (3d Cir. 1974), and authorities cited therein. The case at hand is distinguishable in that the grand jury issue has been pressed vigorously, and the trial judge made a factual finding based upon his review of the transcripts that improper introduction of privileged matter permeated the whole proceed-

ing. In addition, he determined that the prosecutor's practice of reading the transcripts of testimony, previously given to each grand jury that considered the matter, had the effect of aggravating the original error of admitting evidence. Consequently, the trial judge found unrealistic any attempt to cull out single counts of the indictment. Those circumstances distinguish the case at hand from both *Johnson* and *Brewster*.

■ The question then is whether, despite wholesale violation of the speech or debate clause before a grand jury, an indictment based on that evidence can survive. We conclude that it cannot.

We must recognize that the mere issuance of an indictment has a profound impact on the accused, whether he be in public life or not. Particularly for a member of Congress, however, publicity will be widespread and devastating. Should an election intervene before a trial at which he is found innocent, the damage will have been done, and in all likelihood the seat lost. Even if the matter is resolved before an election, the stigma lingers and may well spell the end to a political career. *See United States v. Myers, supra; United States v. Johnson*, 337 F.2d 180, 192 (4th Cir. 1964), *aff'd*, 383 U.S. 169, 86 S.Ct. 749, 15 L.Ed.2d 681 (1966).

Far from being hyperbolic, this evaluation of an indictment's effect is coldly realistic. It cannot be doubted, therefore, that the mere threat of an indictment is enough to intimidate the average congressman and jeopardize his independence. Yet, it was to prevent just such overreaching that the speech or debate clause came into being. A hostile executive department may effectively neutralize a troublesome legislator, despite the absence of admissible evidence to convict, simply by ignoring or threatening to ignore the privilege in a presentation to a grand jury. Invocation of the constitutional protection at a later stage cannot undo the damage. If it is to serve its purpose, the shield must be raised at the beginning.

Observance of this rule will not foreclose indictments for illegal conduct beyond the scope of the speech or debate clause. All that is required is that in presenting material to the grand jury the prosecutor uphold the Constitution and refrain from introducing evidence of past legislative acts or the motivation for performing them. In that way the clause will meet its expectation of preserving the constitutional structure of separate, coequal, and independent branches of government. *United States v. Helstoski, supra* at 491, 99 S.Ct. at 2441. Because here the government's charges "rely on legislative acts or the motivation for legislative acts," *United States v. Brewster, supra* at 512, 92 S.Ct. at 2537, we conclude that the district judge properly dismissed counts VII and VIII.

We also affirm the district court's dismissal of 'count XI charging Helstoski with making false material statements to the grand jury in violation of 18 U.S.C. § 1623 (1976 & Supp. I 1977). As drafted, count XI alleges that Helstoski's statement was material to the grand jury's investigation whether any person had received cash payments "in connection with private bills which [Helstoski] had introduced in the United States House of Representatives." Since proof of materiality, an element of an offense under § 1623, would require introduction of evidence of past legislative acts, the district court properly dismissed count XI. *United States v. Brewster, supra.*

We have carefully examined the government's arguments that counts IX and X against Mazella were properly drawn. We have reviewed those counts and find that they do not meet the requirements of precision and clarity required by this court. *See United States v. Tonelli, supra; United States v. Slawik, supra; United States v. Crocker, supra.* We find no error in the district court's dismissal of counts IX and X.

Accordingly, the judgment of the district court will be affirmed.