Loetta CANNON, on behalf of herself
and others similarly situated,
Plaintiff,

v.

CHERRY HILL TOYOTA,
INC., Defendant.

No. Civ. 97–3722(JBS).

United States District Court,
D. New Jersey,
Camden Vicinage.

Feb. 25, 1999.

Lawrence W. Lindsay, Tomar, Simonoff, Adourian, O'Brien, Kaplan, Jacoby & Graziano, Lisa J. Rodriguez, Trujillo, Rodriguez & Richards, LLC, Cherry Hill, NJ, for plaintiff.

Jeffrey C. Sotland, Edelstein, Mintzer & Sarowitz, Cherry Hill, NJ, for defendant.

## *OPINION*

KUGLER, United States Magistrate Judge.

The Court is confronted here with a situation all too common in today's legal climate. This litigation is no longer a search for the truth to resolve a bona fide dispute between two parties, but has become an acrimonious personal war between the lawyers, characterized by *ad hominem* attacks and spurious accusations of perjury and unethical conduct. In this war, Defendant's counsel has chosen as his weapon of choice the frivolous motion for sanctions. Counsel's conduct neither serves his client well, nor fosters the "just, speedy, and inexpensive determination of [this action]." Fed.R.Civ.P. 1. The Court will not tolerate such conduct.

Presently before the Court are four related motions. Defendant Cherry Hill Toyota, Inc.'s Motion to Disqualify Plaintiff's Counsel

was filed on November 12, 1998. On December 30, 1998, Defendant filed its Motion for Sanctions Pursuant to Fed.R.Civ.P. 37. Plaintiff filed a Motion for Rule 11 Sanctions on January 15, 1999. Finally, on January 25, 1999, Defendant filed its Motion for Rule 11 Sanctions. For the reasons discussed below, all four motions are DENIED.

Additionally, by order dated February 5, 1999, after oral arguments, the Court disposed of one application and three other related motions. In all, between October 29, 1998 and January 25, 1999 the parties have brought before the Court one application and seven related motions. The Court will address the subject matter of the application and all seven motions because many of the motions relate to each other and address identical subject matter, rendering redundant the subject matter of subsequently filed motions.

Finally, the Court, on its own motion, finds that sanctions may be warranted against Defendant's attorney, Jeffrey C. Sotland, for Mr. Sotland's unprofessional conduct in this litigation and his almost complete disregard for the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of New Jersey (the "Local Rules"). Mr. Sotland has fourteen (14) days from the date this opinion and order are filed to submit to the Court in writing the reason or reasons he believes the Court should not impose sanctions on him.

### I. *Background and Procedural History*

In her complaint, Plaintiff Loetta Cannon claims that Defendant violated the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, by misrepresenting in an installment sales contract for an automobile Plaintiff was purchasing from Defendant the amount of money to be paid to a third-party warranty company.[1] Plaintiff also claims that Defendant's conduct violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8–2, *et seq.* Plaintiff brought this action as a putative class action and filed a motion for class certification on June 22, 1998. By opinion and order filed on May 1, 1998, the Honorable Jerome B. Simandle denied Defendant's motion to dismiss counts one and two of the complaint and discovery began in this matter. Judge Simandle has not yet decided the motion for class certification.

The onslaught of recriminations and accusations began on October 29, 1998 when Defendant made a letter application to the Court seeking leave to re-depose Plaintiff. In the application, defense counsel, Jeffrey C. Sotland, claimed that Plaintiff produced two fee agreements pursuant to this Court's September 18, 1998 order to produce her fee agreement with her attorneys. Defendant claims in its letter to the Court that the original fee agreement between Plaintiff and her attorneys prohibited her from settling this case on an individual basis before class certification. The portion of the original fee agreement upon which Defendant based its argument provides, in pertinent part: "If the case is brought as a class action, barring refusal by the court to certify the class, it will not be possible to settle the case on your individual behalf, and any settlement will have to be on a classwide basis." Certification of Jeffrey C. Sotland submitted in Support of Defendant's Motion to Disqualify Plaintiff's Counsel, Exhibit B at ¶ 6. Defendant sought to re-depose Plaintiff to inquire whether a settlement offer that defense counsel made to Plaintiff's counsel was ever communicated to Plaintiff. Defendant further alleged that an amended fee agreement omitted this provision.

Mr. Sotland argued in his October 29 letter that "Defendant would represent that plaintiff's counsel is concerned as to the actions which were taken in this matter and will seek to obstruct Defendant from inquiring into this area at all costs." Mr. Sotland further argued that "[c]onsidering the interest which plaintiff's counsel has in hiding a clear ethical violation, this court is warranted in allowing the deposition to move forward." Taken in the context of the entire letter, this paragraph appears to be a thinly veiled, and awkwardly worded, accusation that Plaintiff's

---

1. The procedural history of this case is taken from the Honorable Jerome B. Simandle's opinion filed on May 11, 1998 denying Defendant's motion to dismiss counts one and two of the complaint.

counsel did not communicate Defendant's settlement offer to Plaintiff.

Plaintiff's counsel denied the allegation by letter to the Court dated November 11, 1998.

At oral arguments held on February 4, 1999, Mr. Sotland was unable to articulate any facts whatsoever to support his accusation that Plaintiff's counsel never communicated Defendant's settlement offer to Plaintiff or his reason for disbelieving Plaintiff's counsel's sworn statements to the contrary. Accordingly, by order dated February 5, 1999, the Court denied Defendant's application.

On November 12, 1998, Defendant filed its Motion to Disqualify Plaintiff's Counsel. In its motion, Defendant again alleged, without any factual support, that Plaintiff's counsel did not communicate Defendant's settlement offer to Plaintiff and, therefore, that Plaintiff's counsel should be disqualified from this action. In support of its motion, Defendant filed a "Certification of Counsel," in which Mr. Sotland swore, based on his personal knowledge, that "plaintiff's counsel have violated the Rules of Professional Conduct by removing plaintiff's inherent right to accept settlement." *See* Certification of Jeffrey C. Sotland at ¶ 6.[2] Mr. Sotland further swore, based on his personal knowledge, that "[t]hough plaintiff's counsel rejected the offer, it is believed, based upon the language of the fee agreement, that [the settlement offer] was not communicated to plaintiff since she was incapable of accepting the offer under the terms of the fee agreement." *Id.* at ¶ 9. Mr. Sotland then concluded, based on his personal knowledge, that "Plaintiff's counsel are incapable of competently handling this litigation since they have proven, by virtue of the initial Fee Agreement, as well as their attempts to hide it with the Amended Fee Agreement, they are incapable of placing plaintiff's interests above their own." *Id.* at ¶ 10.

Plaintiff opposed the motion and reaffirmed to the Court that Plaintiff's counsel, Lawrence W. Lindsay, communicated Defendant's settlement offer to Plaintiff and that Plaintiff rejected the offer. *See* Certification of Lawrence W. Lindsay in Opposition to Defendant's Motion to Disqualify at ¶¶ 2–4. In the certification, Mr. Lindsay swore that he himself communicated Defendant's settlement offer to Plaintiff, *see id.* at ¶ 3, and that he will continue to communicate any offer of settlement to Plaintiff in the future, *see id.* at ¶ 4. Mr. Lindsay's certification appears actually to have been made on personal knowledge.

On January 6, 1999, Mr. Sotland filed a "Response to Plaintiff's Opposition to Disqualify Counsel." Even though Mr. Scotland carefully characterized these papers as a "Response to Plaintiff's Opposition," it is clear that Defendant actually filed untimely reply papers. Defendant's Motion to Disqualify was returnable on December 18, 1998. *See* Local Rule 7.1(c)(1). Accordingly, all reply briefs were due on or before December 11, 1998. *See* Local Rule 7.1(c)(3). Defendant never petitioned the Court for leave to file its reply brief out of time, nor did counsel ever attempt to explain why he was filing a reply almost four weeks late. Accordingly, the Court will disregard the substance of the baseless allegations contained in Defendant's reply papers.

Notwithstanding the fatal procedural defects to Defendant's reply papers, the papers are noteworthy for purposes of this opinion in that they contain a plethora of Mr. Sotland's specious allegations of unethical conduct against Plaintiff's counsel and allegations of perjury against Plaintiff, and are devoid of any factual support for those allegations. For example, in his certification of counsel filed with Defendant's reply papers, Mr. Sotland claims to have personal knowledge that "various information has been obtained which now casts serious doubt on plaintiff's counsel to appropriately litigate this matter." *See* Supplemental Certification of Counsel in Response to Plaintiff's Opposition to Motion to Disqualify at ¶ 2. Additionally, Mr. Sotland claims to have personal knowledge that "the withholding of relevant information concerning the identity and loca-

---

2. The inherent procedural deficiencies of Mr. Sotland's certifications filed in all of the motions pending before the Court are discussed more fully in Part II.B., *infra*.

tion of witnesses has been deceptively undertaken by plaintiff's counsel." *Id.* at ¶ 4.

Mr. Sotland further claims that one of the "witnesses" about whom Plaintiff's counsel is withholding evidence is "Dee Roberts." *See id.* at ¶¶ 6–10. In support of the allegation that Plaintiff's counsel is now withholding relevant evidence and was withholding relevant evidence at Plaintiff's deposition in August, 1998, Mr. Sotland cites a bankruptcy petition Plaintiff filed in June, 1998 that listed Dee Roberts as a co-debtor and listed Mr. Roberts's address as the same address as Plaintiff. *See id.* at ¶ 10. Tomar, Simonoff represents Plaintiff in the bankruptcy proceeding as well as in this action. Mr. Sotland then swears that Plaintiff's counsel "knew of the whereabouts of, or at least the means by which to locate, Dee Roberts, yet failed to do so in complete disregard of the Federal Rules of Procedure [sic] and the New Jersey Rules of Professional Conduct." *See id.* at ¶ 11. Nowhere in his supplemental certification does Mr. Sotland identify the other "witnesses" about whom he alleges Plaintiff's counsel is withholding relevant information.

At oral argument Mr. Sotland was unable to provide the Court with any credible evidence in support of his allegation that Plaintiff's counsel currently knows or ever knew after June 4, 1998 the whereabouts of Dee Roberts.

Additionally, Defendant's "reply" appears to abandon its earlier grounds for seeking the disqualification of Plaintiff's counsel—counsel's failure to communicate Defendant's settlement offer to Plaintiff—and presents the Court with the entirely new argument that Plaintiff's counsel is somehow in violation of its ethical obligations in this Court because of counsel's alleged failure to communicate Defendant's settlement offer to a bankruptcy trustee in the Eastern District of Pennsylvania. *See id.* at ¶ 25. Mr. Sotland also swears that he has personal knowledge that Plaintiff's counsel's "*reason for not communicating* [the settlement offer] to the [b]ankruptcy [t]rustee was for the sole purpose that no fees would be received as a result of this litigation by the plaintiff's law firms." *Id.* at ¶ 26.

Defendant's reply brief filed with the supplemental certification is similarly filled with unsubstantiated personal attacks on Plaintiff's counsel, and is almost entirely bereft of any relevant legal analysis.

On November 30, 1998, Defendant filed a Motion to Preclude the Testimony of "Dee" and Plaintiff filed opposition papers. At the February 4, 1999 hearing, the Court found that Defendant's motion was without merit and denied the motion. *See* Order Dated February 5, 1999.

On December 18, 1998, Plaintiff filed a motion to quash a subpoena or for a protective order. The parties informed the Court at the February 4, 1999 hearing that the third-party recipient of the subpoena had responded to the subpoena rendering the motion to quash moot. Accordingly, the Court dismissed the motion to quash as moot on February 5, 1999. *See id.*

On December 30, 1998, Defendant filed a motion for sanctions pursuant to Fed. R.Civ.P. 37. Mr. Sotland filed another improper certification in support of this motion in which he claimed to have personal knowledge that Plaintiff and her attorneys have deceived Defendant and the Court by withholding the *identity* and last known address of someone Plaintiff identified as "Dee" at her deposition. *See* Certification of Jeffrey C. Sotland at ¶¶ 5 and 11. To support this accusation, Mr. Sotland again cites a bankruptcy petition filed by Plaintiff in June, 1998 in which Plaintiff identified Dee Roberts as a co-debtor and stated that Dee Roberts lived at her address. Additionally, Mr. Sotland swears that "Plaintiff has failed to identify this individual by last name, thus precluding defendant from investigating his knowledge concerning this incident." *Id.* at ¶ 3. Mr. Sotland then swears that "[i]t is believed and therefore averred that plaintiff was living with DEE [sic] at the time [she purchased the car] and was a co-signor of his [sic] vehicle." *Id.* at ¶ 4 (internal quotations omitted). Mr. Sotland concludes that "Plaintiff's actions and that of her counsel in attempting to deceive the Court and counsel are sanctionable." *Id.* at ¶ 11.

Plaintiff's opposition points out that Mr. Sotland's assertion that Plaintiff and her counsel have failed to identify "Dee's" last name is disingenuous at best and cites an August 26, 1998 letter in which Mr. Sotland himself states that he "intend[s] to depose Dee Roberts." Additionally, Plaintiff directs the Court's attention to page seven of her August, 1998 deposition in which Ms. Cannon testified that she lived with Dee Roberts at 9601 Ashton Road, see Certification of Lawrence W. Lindsay, Exhibit A, and later testified that Dee accompanied her when she purchased the car from Defendant. See id.

At oral arguments on February 4, 1999, Mr. Sotland was unable to present the Court with any credible evidence to support his allegation that Plaintiff and her counsel knew in August, 1998 and know today the whereabouts of Dee Roberts. At the February 4 hearing, Mr. Sotland made some vague references to some "notes" that he had acquired from a non-party written by an investigator hired by the non-party in which the unnamed investigator allegedly states that Plaintiff knows the whereabouts of Dee Roberts. Mr. Sotland never presented these "notes" to the Court and he stated on the record that he had no firsthand knowledge to support his allegations of perjury against Plaintiff and unethical conduct against her attorneys contained in his sworn certification. Moreover, Mr. Sotland has never presented the Court with any evidence whatsoever to support his allegations that Plaintiff's counsel has somehow mislead the Court or otherwise engaged in some unethical conduct.

■ On January 14, 1999, Defendant filed a Motion to Compel Certified Answers to Interrogatories and Requests for Admissions. As with his other motions, Mr. Sotland completely disregarded the Local Rules when he filed this motion. First, Mr. Sotland falsely stated in his notice of motion that "the moving party has conferred with the opposing party in order to resolve the issues raised by this Motion, but have [sic] been unsuccessful and cooperation has been withheld." The conference Mr. Sotland apparently is referring to is a January 11, 1999 fax in which he demands certified responses by the close of business on January 12, and threatens that he will file a motion to compel if he does not receive the certifications. See Certification in Opposition to Defendant's Motion to Compel at Exhibit A. The token effort Mr. Sotland made to resolve this issue without intervention of the Court does not satisfy his obligations under Fed.R.Civ.P. 37(a) and Local Rule 37.1(a)(1) to confer with his adversary and make a good faith effort to resolve the dispute. Additionally, Mr. Sotland completely ignored his obligation to present this issue before the Court by way of telephone conference or letter to the Magistrate Judge, as required by Local Rule 37.1(a)(1), before bringing a formal motion to compel. Finally, after Plaintiff filed opposition papers, Mr. Sotland filed an impermissible reply to Plaintiff's opposition in violation of Local Rule 37.1(b)(3), which proscribes reply briefs in discovery motions. The certifications Mr. Sotland filed in support of his motion and with his impermissible reply papers contain, what has become his *modus operandi*, a litany of irrelevant personal attacks on Plaintiff and her counsel. By letter dated January 28, 1999, Mr. Sotland informed the Court that he was withdrawing his motion to compel. The Court dismissed the motion as moot on February 5, 1999. See Order dated February 5, 1999.

On January 25, 1999, Plaintiff filed a motion for sanctions pursuant to Fed.R.Civ.P. 11 claiming that Defendant's motion to disqualify Plaintiff's counsel was frivolous.

Defendant opposed the motion through another improper "Certification of Jeffrey C. Sotland" in which Mr. Sotland almost exclusively relies on the allegations he made in the untimely reply certification filed in Defendant's motion to disqualify Plaintiff's counsel, and in which he appears to abandon the original grounds upon which he sought Plaintiff's counsel's disqualification. As discussed above, the reply certification is a nullity because it was filed out of time without leave of Court and, therefore, the Court will disregard the allegations contained in the certification. In its opposition, Defendant did not even attempt to refute Plaintiff's claim that Defendant's initial moving papers, in which Mr. Sotland alleged that Plaintiff's counsel failed to communicate Defendant's settle-

ment offer to Plaintiff, were frivolous and without support in the law or in the facts of this case.

Finally, on January 25, 1999, Defendant filed an omnibus motion for sanctions combining most of the previous arguments from its other motions and opposition papers into one comprehensive motion. And again, Mr. Sotland filed an improper certification in which he falsely swore that he had personal knowledge that Plaintiff's counsel "rushed to have an Amended Fee Agreement prepared and executed," *see* Certification of Counsel at ¶ 21, that "Loetta Cannon knew, as did the Law Firm [sic] of Tomar[,] Simonoff[, Adourian, O'Brien, Kaplan, Jacoby & Graziano] of the whereabouts of, or at least the means by which to locate, Dee Roberts," *see id.* at ¶ 11, and that the reason that Plaintiff's counsel failed to inform a bankruptcy trustee of Defendant's settlement offer "was for the sole purpose that no fees would be received as a result of this litigation by plaintiff's law firms," *see id.* at ¶ 26, among other things. Of course, Mr. Sotland could not have personal knowledge regarding any of these matters.

Additionally, Mr. Sotland's defective certification contains the usual litany of specious allegations of perjury and unethical conduct, which are wholly unsupported by any credible evidence.

## II. *Discussion*

■ The four motions remaining for disposition are governed by four separate rules of law. Defendant's motion to disqualify Plaintiff's counsel is governed by the Rules of Professional Conduct of the American Bar Association as adopted by the New Jersey Supreme Court ("RPC"). *See* Local Rule 103.1(a). Defendant's motion for sanctions for Plaintiff's and her counsel's failure to disclose the identity and whereabouts of Dee Roberts is governed by Fed.R.Civ.P. 37. Plaintiff's motion for sanctions for Defendant's failure to withdraw its motion to disqualify Plaintiff's counsel is governed by Fed. R.Civ.P. 11. Defendant's omnibus motion for sanctions filed on January 25, 1999 is governed by this Court's inherent authority to govern the conduct of litigation before it.

Accordingly, I will address each motion in turn, and then address the Court's own motion for sanctions against Defendant's counsel.

### A. *Defendant's Motion to Disqualify Plaintiff's Counsel.*

■ As discussed more fully above, Defendant's motion to disqualify Plaintiff's counsel is premised on Mr. Sotland's unsupported accusation that Plaintiff's counsel never communicated Defendant's settlement offer to Plaintiff and that Plaintiff was prohibited from accepting Defendant's settlement offer by the fee agreement she reached with her attorneys. Defendant argues that counsel's conduct violates RPC 1.2(a) and that RPC 1.16 requires the Court to disqualify Plaintiff's counsel. However, Plaintiff's counsel states that he communicated the settlement offer to Ms. Cannon and that she rejected the offer. Mr. Sotland filed Defendant's reply certification and brief almost four weeks after the deadline to file reply papers in violation of Local Rule 7.1(c). Additionally, Mr. Sotland's certification contains legal and factual argument as well as facts beyond his personal knowledge in violation of Local Rule 7.2(a). Accordingly, the Court will disregard the allegations contained in Defendant's reply papers. Moreover, the reply papers add nothing to the grounds for relief asserted in the original moving papers but, rather, assert entirely new grounds for relief. Finally, the Court's decision regarding Defendant's motion to disqualify Plaintiff's counsel would not have been different even if the Court considered the reply papers that Mr. Sotland belatedly filed.

New Jersey Rule of Professional Conduct 1.2(a) provides, in pertinent part:

(a) A lawyer shall abide by a client's decision concerning the objectives of representation ... and shall consult with the client as to the means by which they are to be pursued. A lawyer shall abide by a client's decision whether to accept an offer of settlement of a matter.

Defendant seeks the disqualification of Plaintiff's counsel on two grounds. First, Defendant claims that counsel's alleged failure to communicate Defendant's settlement

offer to Plaintiff violates RPC 1.2(a). Second, Defendant argue that the language of Plaintiff's original fee agreement with her attorneys violates RPC 1.2(a) by precluding her from settling the case pre-class certification. Neither argument has merit.

■ Plaintiff's counsel, Lawrence Lindsay, has repeatedly stated, under oath and otherwise, that he communicated Defendant's settlement offer to Plaintiff and that Plaintiff rejected the offer. *See, e.g.,* Certification of Lawrence W. Lindsay filed in opposition to Defendant's Motion to Disqualify at ¶¶ 2–4; Certification of Lawrence W. Lindsay filed in support of Plaintiff's Motion for Sanctions at ¶¶ 2–4; Letter dated November 11, 1998 from Lawrence W. Lindsay submitted to the Court in opposition to Defendant's application to re-depose Plaintiff at 2. At oral arguments on the record on February 4, 1999, Mr. Sotland was unable to present to the Court any evidence whatsoever to support his allegation that Mr. Lindsay did not communicate Defendant's settlement offer to Plaintiff. In fact, Mr. Sotland has never presented the Court with any information beyond the naked allegations in his "certifications" that Mr. Lindsay failed to communicate the settlement offer to his client. Therefore, the Court accepts Mr. Lindsay's word as an officer of the Court and finds that Mr. Lindsay did communicate the settlement offer to Ms. Cannon and that Ms. Cannon rejected the offer.[3] Mr. Sotland's allegation to the contrary are without any factual support in the record. Accordingly, Mr. Sotland has failed to provide the Court with any proof whatsoever that Plaintiff's counsel failed to comply with their obligation under RPC 1.2(a) to abide by their client's decision

whether to accept a settlement offer. The Court finds, according to the uncontested evidence before it, that Mr. Lindsay communicated the offer to Ms. Cannon and that Ms. Cannon decided to reject the offer.

■ Defendant also argues that the initial fee agreement between Plaintiff and her attorney violates RPC 1.2(a). The relevant portion of the original fee agreement provides: "If the case is brought as a class action, barring a refusal by the court to certify the class, it will not be possible to settle the case on your individual behalf, and any settlement will have to be on a classwide basis." Certification of Jeffrey C. Sotland filed in support of Defendant's Motion to Disqualify Plaintiff's Counsel, Exhibit B at ¶ 6. The original fee agreement was replaced by an amended fee agreement that Plaintiff signed on September 29, 1998. The amended agreement deletes the settlement provision cited above and replaces it with the following: "Any settlement of the class claims will have to be on a classwide basis, subject to approval by the court, and if the case is certified as a class action, it will not be possible to settle the claims on your individual behalf." *Id.,* Exhibit C at ¶ 4.

Defendant's argument that the fee agreements between Plaintiff and her attorneys violate RPC 1.2(a) and require disqualification of Plaintiff's attorneys is without merit. The original fee agreement is superceded by the amended agreement signed on September 28, 1998. According to the express terms of the amended fee agreement, the "agreement amends the former agreement between the parties and governs the attorney-client relationship between [Ms. Cannon]

---

**3.** It appears that Mr. Sotland changed his position about whether Mr. Lindsay communicated the settlement offer to Ms. Cannon in a subsequently filed certification. *See* Certification of Jeffrey C. Sotland filed in Support of Defendant's Motion for Sanctions at ¶ 19. In that certification, Mr. Sotland swore on personal knowledge that "Plaintiff, *via,* her counsel, rejected the [settlement] offer." *Id.* The Court is profoundly troubled by Mr. Sotland's sworn certifications, particularly because he swore, based on his personal knowledge, just two months earlier that Plaintiff's counsel did not communicate the settlement offer to Plaintiff, and that Plaintiff's counsel, not Plaintiff, rejected the offer. *See*

Certification of Jeffrey C. Sotland filed in Support of Defendant's Motion to Disqualify Plaintiff's Counsel at ¶ 9. In that certification Mr. Sotland swore that "[al]though plaintiff's counsel rejected the [settlement] offer, it is believed, based upon the language of the fee agreement, that [the offer] was not communicated to plaintiff since she was not capable of accepting the offer under the terms of the fee agreement." *Id.* Most disturbingly, Mr. Sotland went so far as to accuse Plaintiff's counsel of an ethical violation based on this unsubstantiated allegation, and then two months later reversed himself, without explanation, and swore that Plaintiff rejected the offer.

and Tomar, Simonoff, Adourian, O'Brien, Kaplan, Jacoby & Graziano. . . ." *Id.* Therefore, the original fee agreement no longer has any bearing whatsoever on counsel's ability to litigate this matter on behalf of Plaintiff.

Therefore, the Court finds that the fee agreement between Plaintiff and her attorneys does not violate any Rule of Professional Conduct. Defendant's motion is denied.

### B. *Defendant's Motion for Rule 37 Sanctions.*

Defendant seeks an order pursuant to Fed. R.Civ.P. 37 imposing sanctions against Plaintiff and her counsel for their failure to disclose the full name and address of a potential witness, Dee Roberts. The thrust of Defendant's argument is that "Plaintiff has failed to identify this individual by last name, thus precluding defendant from investigating his knowledge concerning this incident." Certification of Jeffrey C. Sotland at ¶ 3. Defendant claims that it was prejudiced by Plaintiff's alleged failure to disclose Dee Roberts's last name and address when it was forced to file its motion to preclude the testimony of Mr. Roberts. Additionally, Defendant claims that Plaintiff's counsel attempted to commit a fraud on the Court when counsel filed a certification in opposition to Defendant's motion to preclude that failed to disclose the whereabouts of Dee Roberts. *See id.* at ¶¶ 11 and 13.

In support of its motion, Defendant cites to a bankruptcy petition Plaintiff filed through her attorneys in the United States District Court for the Eastern District of Pennsylvania in which Plaintiff identified a "Dee Roberts" as a co-debtor and indicated that Dee Roberts lived with Plaintiff at her address.

Defendant claims that it suffered prejudice when Plaintiff failed to identify Dee Roberts's last name and address at her deposition in August, 1998. *See id.* at ¶¶ 2–3. Additionally, Defendant claims that the bankruptcy petition filed in June, 1998 proves that Plaintiff committed perjury in August, 1998 when she testified at her deposition that she did not know the whereabouts of Dee Roberts. *See id.* at ¶ 5. Finally, Defendant claims that the bankruptcy petition filed in June, 1998 also proves that Plaintiff's counsel knew Dee Roberts's whereabouts in August, 1998 during Plaintiff's deposition and in December, 1998 when counsel filed opposition to Defendant's motion to preclude Mr. Roberts's testimony. *See id.* at ¶¶ 7 and 13.

Plaintiff's opposition simply points out that Plaintiff testified at deposition that she currently lives alone and that she formerly lived with a man named Dee Roberts, who accompanied her when she purchased a car from Defendant. *See* Certification of Lawrence W. Lindsay, Exhibit A at p. 7. Additionally, Plaintiff cites an August 26, 1998 letter, which Mr. Sotland wrote one week after Plaintiff's deposition and in which Mr. Sotland announces his intention to depose Dee Roberts. *See id.* at Exhibit B.

Defendant seeks an order imposing the following sanctions on Plaintiff and her attorneys: First, Defendant seeks the identical relief it sought in its "Motion to Preclude the Testimony of Dee" filed on November 30, 1998. *See* Certification of Jeffrey C. Sotland at ¶ 15(a). It is not clear to the Court why Defendant seeks identical relief by way of two separate motions alleging identical grounds. Second, Defendant seeks sanctions in the amount of $500 "for the filing of the Motion to Preclude and the Motion for Sanctions." *Id.* at ¶ 15(b). Third, Defendant seeks "[a]n adverse inference at trial that the testimony of Dee Roberts would be detrimental to plaintiff if called at trial." *Id.* at ¶ 15(c).

Defendant's motion is legally, procedurally and factually deficient.

■ Rule 37 of the Federal Rules of Civil Procedure provides for sanctions under certain circumstances when parties refuse to make required disclosures during discovery. None of those circumstances are present here.

Rule 37(a)(2)(B) permits a party to make a motion to compel disclosure when a witness fails to make the disclosure at deposition or answer an interrogatory. Rule 37(a)(4)(A) grants the Court authority to impose sanctions against a party who is compelled to

make disclosures as a result of the motion. Defendant has not made a motion to compel under Fed.R.Civ.P. 37(a)(2)(B), and, therefore, cannot seek sanctions under Fed. R.Civ.P. 37(a)(4)(A).

Rule 37(b)(1) allows the Court to hold in contempt a deponent who refuses to answer a question at deposition after being ordered to do so by the Court. Defendant has not sought and the Court has not issued an order to answer a deposition question here.

Rule 37(b)(2) permits the Court to impose sanctions when a party fails to comply with a court order to produce discovery. Defendant has not sought and the Court has not issued an order to produce discovery here.

Defendant purports to seek sanctions under Rule 37(c)(1). *See* Memorandum of Law in Support of Motion for Sanctions of Defendant Cherry Hill Toyota at 2.[4] Rule 37(c)(1) provides, in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial ... any witness or information not disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

Defendant claims that this subdivision of Rule 37 entitles it to sanctions because of Plaintiff's alleged failure to disclose Dee Roberts's last name and current address at her deposition. Defendant, however, completely ignores Rule 37(c)(1)'s express reference to Rules 26(a) and 26(e)(1). Rule 37(c)(1), by its express terms, automatically imposes sanctions against a party who fails to make required disclosures under Fed.R.Civ.P. 26(a) and supplemental disclosures under Fed.

R.Civ.P. 26(e)(1) by precluding that party from calling undisclosed witnesses at trial.

In the 1993 amendments, a new section was added in Rule 37(c)(1)—automatic exclusion of witnesses and information that were not disclosed despite a duty to disclose under Rule 26(a) or 26(e)(1). In large measure, this new sanction was intended to put teeth into the mandatory initial disclosure requirements added by the 1993 amendments.

8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2289.1 at 704 (West 1994) (internal quotations omitted). Defendant's "Memorandum of Law" contains no discussion whatsoever of Rule 26(a) disclosures and relies completely on Plaintiff's alleged failure to identify Mr. Roberts by last name and to provide Mr. Roberts's current address. That is, Defendant does not allege anywhere that Plaintiff ignored her Rule 26(a) requirements. Therefore, Rule 37(c)(1) does not entitle Defendant to the relief it seeks.

Defendant's motion for Rule 37 sanctions is legally deficient.

 Defendant's motion papers primarily consist of a "Certification of Jeffrey C. Sotland." However, Mr. Sotland's "certification" is not permitted under the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the District of New Jersey. The rules permit a party to file affidavits and briefs in support of its motion. *See* Local Rule 7.2(a). There is nothing in the rules that mentions a "certification." Additionally, Mr. Sotland's certification contains factual and legal arguments, which are prohibited under the Local Rules. Local Rule 7.2(a) provides:

> Affidavits shall be restricted to statements of fact within the personal knowledge of the affiant. Argument of the facts and the law shall not be contained in affidavits. Legal arguments and summations in affidavits will be disregarded by the court and may subject the affiant to appropriate censure, sanctions or both.

---

4. For some reason Defendant chose not to include page numbers in its three-page "Memorandum of Law." The page references are arrived at by the Court's own pagination.

The rule applies equally to certifications that contain factual or legal argument, and facts outside the personal knowledge of the person filing the certification. *See Assisted Living Assoc. of Moorestown, L.L.C. v. Moorestown Twp.,* 996 F.Supp. 409, 442 (D.N.J.1998); *Rodriguez v. Dusphol,* Civil Action No. 86–3501(GEB), 1988 U.S.Dist. LEXIS 4502, *4 (D.N.J. May 20, 1988). Accordingly, the Court must disregard the contents of an improper certification and may impose sanctions upon the attorney who files it.

Procedurally, Defendant's motion is defective.

Finally, Defendant's argument that Plaintiff failed to disclose Dee Roberts's last name at her deposition simply is false. At page seven of Plaintiff's deposition Plaintiff testified that she lives alone at 9601 Ashton Road and that she formerly lived with a man named Dee Roberts at that same address. See Certification of Lawrence W. Lindsay, Exhibit A at 7. Additionally, Plaintiff later testified that "Dee" accompanied her when she purchased the car from Defendant and that she does not now know where Dee currently lives. *See id.* at 26. In the context of the entire deposition, it is clear that the "Dee" Plaintiff referred to at page 26 of her deposition is the same person as the "Dee Roberts" that Plaintiff identified and provided the last known address for at page seven of her deposition. Moreover, in August, 1998, Defendant's counsel, Mr. Sotland, apparently knew Mr. Roberts's last name when he wrote: "Please be advised that I intend to depose Dee Roberts." *See id.* at Exhibit B. It appears that Mr. Sotland may nave forgotten Mr. Roberts's last name sometime between August 26, 1998 when he announced his intention to depose Mr. Roberts and November 30, 1998 when he filed Defendant's Motion to Preclude the Testimony of "DEE," in which he claimed not to know the last name of someone identified as Dee at Plaintiff's deposition. *See* Certification of Jeffrey C. Sotland filed in support of Defendant's Motion to Preclude the Testimony of Dee at

¶¶ 2–4. Mr. Sotland would now have the Court impose sanctions against Plaintiff and her attorney for his short memory.[5]

Moreover, Defendant has never presented the Court with any credible evidence that Plaintiff and her attorneys knew in August, 1998 and know now the whereabouts of Dee Roberts. In his motion papers, Mr. Sotland again cites Plaintiff's June, 1998 bankruptcy petition as factual support that Plaintiff and her attorneys knew Dee Roberts's address in August, 1998 and know it now. The flaw in Defendant's logic goes without saying.

■ At oral arguments Mr. Sotland also cited to the Court some "notes" in support of his allegation that Plaintiff and her attorneys know the whereabouts of Dee Roberts. Mr. Sotland stated on the record that the notes were taken by an unnamed investigator hired by a non-party in the non-party's effort to repossess Plaintiff's car. Mr. Sotland never provided the Court with a copy of these notes. Even if Mr. Sotland had provided the Court with a copy of the notes, the notes are double hearsay and, therefore, are not admissible or reliable.

Defendant's motion is factually deficient.

For the reasons discussed above, Defendant's motion for sanctions under Fed. R.Civ.P. 37 is denied.

### C. *Plaintiff's Motion for Rule 11 Sanctions.*

On January 15, 1999, Plaintiff filed a motion under Fed.R.Civ.P. 11 seeking an order imposing sanctions against Defendant's counsel for his failure to withdraw Defendant's motion to disqualify Plaintiff's counsel.

■ Rule 11's "safe harbor" provision, however, provides that a party seeking sanctions must serve the motion papers on his adversary, but not file the motion for 21 days after service to give his adversary an opportunity to withdraw the offending pleading or motion. *See* Fed.R.Civ.P. 11(c)(1)(A). *See also* 5A Wright & Miller, Federal Practice and Procedure: Civil 2d § 1337 at 69 (West

5. Simply put, "Dee" is Dee Roberts, whose identity and last known address have been known to Mr. Sotland since at least August, 1998. Clearly, Dee Roberts no longer resides with Plaintiff and neither Plaintiff nor her attorneys know where he is.

1998 pocket part) ("The safe harbor period begins upon service of the sanctions motion, but counsel are expected to give informal notice of the potential violation before preparing the sanctions motion. A party's failure to give advance notice may result in denial of its motion for sanctions.") (internal quotations omitted).

▮ Plaintiff's motion is not in compliance with the "safe harbor" provision of Rule 11. Plaintiff's counsel states that he served a copy of the motion on defense counsel on December 21, 1998. *See* Certification of Lawrence W. Lindsay at ¶ 5. Plaintiff, however, did not provide the Court with a copy of the papers that he served on defense counsel or proof that service was accomplished under Fed.R.Civ.P. 5, and the certification of counsel and brief that were filed with the Court are dated January 15, 1999. Therefore, the Court cannot determine if Plaintiff has complied with the safe harbor provision of Rule 11.

Plaintiff's motion for Rule 11 sanctions is denied.

#### D. *Defendant's Motion for Sanctions.*

On January 25, 1999 Defendant filed its final motion for sanctions incorporating many of the arguments made in its previous motions into one omnibus motion. Mr. Sotland again filed an improper "certification" in which he falsely swore to have personal knowledge regarding facts about which he could not possibly have personal knowledge, and made impermissible factual and legal arguments. In his certification, Mr. Sotland swore that "[t]he proper remedy for defendant is to compel and [sic] inclusive settlement of $25,000.00 and [o]rder all monies be paid into the [b]ankruptcy [e]state to the benefit of the creditors of Loetta Cannon and to preclude any attorney[s'] fees for plaintiff's counsel." *See* Certification of Jeffrey C. Sotland at ¶ 33. Defendant alleges in its motion papers that Plaintiff has committed perjury and Plaintiff's counsel has committed a "fraud on the court" in three general areas: i) the identity and whereabouts of Dee Roberts; ii) Plaintiff's testimony at her deposition that she herself made all of the payments on the car she purchased

from Defendant; and iii) Plaintiff's failure to communicate Defendant's settlement offer to the bankruptcy trustee in Plaintiff's bankruptcy action in the United States District Court for the Eastern District of Pennsylvania.

First, as discussed at length above, Defendant's allegations regarding the identity and whereabouts of Dee Roberts are unsupported by any credible evidence and, therefore, are completely without merit.

▮ Second, Mr. Sotland swears that he has personal knowledge that at the time of Plaintiff's deposition she "had not made a payment on her vehicle in over a month." Certification of Jeffrey C. Sotland at ¶ 14. In support of this allegation, Mr. Sotland quotes the following portion of Plaintiff's deposition:

Q. Do you recall what your monthly payments were?

A. Four-thirteen fifty.

Q. And your [sic] still making payments on the car?

A. Yes.

 * * * * * *

Q. You've made every one of them?

A. Yes.

*Id.* at ¶ 13.

Mr. Sotland's reliance on this portion of Plaintiff's deposition to support his allegation of perjury is misplaced for two reasons.

First, Mr. Sotland omitted from his certification a critical question from the deposition: "From the day you first made a payment until today, has anyone else, besides yourself, made any of those payments?" Plaintiff then responded, "No," and in response to Mr. Sotland's follow-up question, "You've made every one of [the payments]?" Plaintiff said, "Yes". *See id.* at Exhibit B. In context and with the question that Mr. Sotland omitted from his certification, it appears that Plaintiff may have been testifying that she, as opposed to another person, made every payment, rather than testifying that every payment was made to Toyota as Defendant contends. At a minimum, the portion of Plaintiff's deposition to which Mr.

Sotland cites is too ambiguous to support his allegation of perjury, and his questions were too vague. *See United States v. Tonelli*, 577 F.2d 194, 198 (3d Cir.1978) (holding that a charge of perjury cannot be sustained based upon questions and answers taken out of context).[6] Moreover, Mr. Sotland cannot now claim perjury to compensate for his failure to examine the witness adequately to elicit facts regarding her payment schedule. *See id.* (citing *Bronston v. United States*, 409 U.S. 352, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973)).

Second, Mr. Sotland did not cite in his certification the source for his "personal knowledge" that Plaintiff had not made a car payment after she filed her bankruptcy petition in June, 1998 and before her deposition in August, 1998. The Court will assume, for purposes of this motion, that Ms. Cannon was not making payments to Mr. Sotland himself prior to filing the bankruptcy petition. Therefore, Mr. Sotland could not possibly have had personal knowledge regarding Plaintiff's payment history.

Finally, Mr. Sotland alleges that Plaintiff's failure to communicate Defendant's settlement offer to the bankruptcy trustee in the Eastern District of Pennsylvania constitutes perjury on Plaintiff's part, *see* Certification of Jeffrey C. Sotland at ¶ 29, and constitutes a fraud on the court on the part of Plaintiff's counsel, *see* Memorandum of Law in Support of Motion for Sanctions of Defendant Cherry

Hill Toyota Pursuant to Rule 11 ("Defendant's Memorandum of Law") at 10–11.[7]

Defendant claims that a "settlement award from a claim is property of the bankruptcy estate under 11 U.S.C. § 541(a)(6)." *Id.* at 10. The Court does not dispute Defendant's contention that settlement proceeds or a judgment can be considered "proceeds" under 11 U.S.C. § 541(a)(6). *See Kobaly v. Slone*, 142 B.R. 743, 752 (W.D.Pa.1992); *see also In re Wirmel*, 134 B.R. 258, 260 (S.D.Ohio 1991) ("To the extent that the Debtor recovers on any judgment or settlement of his District Court civil rights action during the pendency of the Chapter 13, he is hereby directed, pursuant to 11 U.S.C. § 1325(c), to immediately notify the Chapter 13 Trustee of the amount and terms of said recovery and shall turnover to the Trustee any amounts so recovered....").

Defendant reasons, without citation to any legal authority, that if settlement *proceeds* are property of the estate, then settlement *offers* are also property of the estate, and concludes that Plaintiff's failure to communicate Defendant's settlement offer to the bankruptcy trustee was somehow a fraud perpetrated on this Court. The Court expresses no opinion on whether settlement offers are property of the estate or whether Plaintiff and her bankruptcy attorneys had an obligation to report Defendant's offer to the trustee. The Court finds, however, that this issue is more properly addressed by the

---

**6.** The federal perjury statute provides, in pertinent part:

> Whoever ... having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true ... is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.

18 U.S.C § 1621.

**7.** For some reason, Defendant also chose not to provide page numbers in this memorandum of law. The page references are arrived at by the

Court's own pagination. Additionally, the title of the memorandum indicates that sanctions are sought under Fed.R.Civ.P. 11, however, Defendant never cites the rule in the text of its memorandum, rather, it appears that Defendant seeks sanctions under the Court's inherent authority to regulate the conduct of the litigants before it. *See* Defendant's Memorandum of Law at 4 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). The Court will assume for purposes of this motion that Defendant seeks sanctions under the Court's inherent authority and not under Fed.R.Civ.P. 11 as its title page indicates. Moreover, Defendant would not be entitled to Rule 11 sanctions even if they had been sought because Defendant has neither complied with the "safe harbor" provisions of the rule, nor cited any frivolous pleading or motion that Plaintiff filed in this case.

trustee, who can determine whether Plaintiff had an obligation to inform the trustee of the settlement offer and whether plaintiff's rejection of the offer is an avoidable transfer under 11 U.S.C. § 549(a). *See Kelso v. American Elk Conservatory, Inc.,* 196 B.R. 363, 371 (Bkrtcy.N.D.Tex.1996) (holding that a settlement offer is not "property of the estate" and, therefore, not an avoidable transfer under 11 U.S.C. § 549(a)).

The Court is satisfied from Mr. Sotland's representations at oral arguments that the Plaintiff's bankruptcy trustee is now aware of Defendant's settlement offer and can proceed as she sees fit to protect the interests of Plaintiff's creditors.

For the reasons discussed above, Defendant's motion for sanctions is denied.

### E. *The Court's Own Motion for Sanctions Against Defendant.*

The Court, on its own motion, finds that Mr. Sotland's conduct in this litigation may be sanctionable under the Court's inherent authority to regulate the conduct of attorneys appearing before it.

■■■ This Court is endowed with certain powers inherent in its authority to administer justice in cases before it. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Eash v. Riggins Trucking, Inc.,* 757 F.2d 557, 561 (3d Cir. 1985). This power may be invoked to regulate the conduct of lawyers appearing before it and, when necessary, may be invoked to impose sanctions on those lawyers who violate the Rules of Professional Responsibility, the Federal Rules of Civil Procedure, the Local Rules or the general obligations of attorneys practicing in the federal courts to work towards a just, speedy and efficient resolution of claims. *See Eash,* 757 F.2d at 561.

■■■ "Because of their potency, inherent powers must be exercised with restraint and discretion." *Chambers,* 501 U.S. at 44, 111 S.Ct. 2123 (citing *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)). When the powers are invoked to impose sanctions on attorneys for unprofessional and unethical conduct, the sanctions must be carefully fashioned to remedy the abusive conduct. *See id.* at 44–45, 111 S.Ct. 2123. The invocation of the Court's inherent powers is particularly appropriate when an attorney's conduct has been pervasive and amounts to violations of several rules, and appears to the Court to demonstrate a course of bad faith actions that transcend any rule or rules of the Court. *See Chambers,* 501 U.S. at 50–51, 111 S.Ct. 2123 ("[I]f in the informed discretion of the court, neither [28 U.S.C. § 1927] [n]or the Rules are up to the task, the court may safely rely on its inherent power.").

The Court finds that Mr. Sotland has violated a myriad of professional rules of conduct and rules of procedure by his conduct in this matter. As discussed more fully below, Mr. Sotland has violated Fed.R.Civ.P. 37(a)(2)(A), Local Rule 37.1(b)(1), Local Rule 37.1(b)(3), Local Rule 7.1(c)(3), Local Rule 7.2(a) and RPC 3.2, and generally has behaved in an unprofessional manner by making unsubstantiated personal attacks on Plaintiff and her attorneys. Accordingly, the Court finds that Mr. Sotland's conduct cannot be remedied by any one or combination of rules or statutes that provide for sanctions against an attorney. Therefore, the Court shall invoke its inherent authority in an attempt to restore order and decorum to this action.

The Court further finds that Mr. Sotland's conduct falls into two general categories of violations: i) unsubstantiated personal attacks on Plaintiff and her attorneys; and ii) violations of this Court's rules of procedure. The Court will address below the specific instances of Mr. Sotland's objectionable conduct.

### 1. *Unsubstantiated personal attacks on Plaintiff and her attorneys.*

■■■ The one consistent theme that runs throughout Mr. Sotland's motion papers is his use of personal attacks and unduly inflammatory language in his certifications and briefs. Use of such language does nothing to assist the Court in deciding the merits of a motion, wastes judicial resources by requiring the Court to wade through the superflu-

ous verbiage to decipher the substance of the motion, does not serve the client's interests well, and generally debases the judicial system and the profession.

The Court is aware that a lawyer has an obligation and a duty to represent his client zealously and with diligence. *See* RPC 1.3. However, "[t]he circumstances of this case ... present the unhappy picture of a lawyer who has crossed the boundary of legitimate advocacy into personal recrimination against his adversary." *Thomason v. Norman E. Leher, P.C.*, 182 F.R.D. 121, 123 (D.N.J. 1998). "Lawyers are not free, like loose cannons, to fire at will upon any target of opportunity which appears on the legal landscape. The practice of law is not and cannot be a free fire zone." *Id.* at 123 (internal quotations omitted).

The Court finds that the following passages from Defendant's motion papers either cross the line from advocacy to impermissible personal recriminations, constitute unsubstantiated allegations, or contain out-right misstatements of fact:

a) "Though plaintiff's counsel rejected the offer, it is believed, based upon the language of the fee agreement, that [the settlement offer] was not communicated to plaintiff since she was incapable of accepting the offer under the terms of the fee agreement." Certification of Jeffrey C. Sotland filed in support of Defendant's Motion to Disqualify Plaintiff's Attorneys at ¶ 9;

b) "Plaintiff's counsel are incapable of competently handling this litigation since they have proven, by virtue of the initial Fee Agreement, as well as their attempts to hide it with the Amended Fee Agreement, they are incapable of placing plaintiff's interests above their own." *Id.* at ¶ 10;

c) "Plaintiff has failed to identify [Dee] by last name, thus precluding defendant from investigating his knowledge concerning this incident." Certification of Jeffrey C. Sotland filed in support of Defendant's Motion to Preclude the Testimony of DEE at ¶ 3;

d) "[P]laintiff's counsel has hidden facts and deceptively withheld information in this litigation. Additionally, the existence of the bankruptcy and plaintiff's failure to disclose it rise to the level of perpetrating a fraud on the Court." Defendant's Opposition to Plaintiff's Motion to Quash Subpoena to State Farm Insurance Company at 4.

e) "[T]he withholding of relevant information concerning the identity and location of witnesses has been deceptively undertaken by plaintiff's counsel." Supplemental Certification of Jeffrey C. Sotland in Response to Plaintiff's Opposition to Motion to Disqualify at ¶ 4;

f) "The Law Firm [sic] of Tomar[,] Simonoff[, Adourian, O'Brien, Kaplan, Jacoby & Graziano] knew of the whereabouts, or at least the means by which to locate, Dee Roberts, yet failed to do so in complete disregard of the Federal Rules of Procedure [sic] and the New Jersey Rules of Professional Conduct." *Id.* at ¶ 11;

g) "It is believed that the reason for not communicating this information to the [b]ankruptcy [t]rustee was for the sole purpose that no fees would be received as a result of this litigation by the plaintiff's law firms." *Id.* at ¶ 26;

h) "[P]laintiff and her counsel, respectively, has consistently withheld information, obviated [sic] the Rules of Court, and deceived counsel to serve their own ends." Memorandum of Law in Support of Disqualification of Plaintiff's Counsel at 1;

i) "By misstating the value of the litigation, plaintiff's counsel has obviated [sic] the provisions of the Bankruptcy Code to serve their own needs." *Id.* at 2;

j) "The present case has shown a complete lack of suck [sic] conduct by plaintiff's counsel in allowing their client to lie under oath, knowing that she was, in fact, perjuring herself." *Id.* at 3;

k) "I certify that previously[ ] the moving party has conferred with the opposing party in order to resolve the issues raised by this [m]otion, but have been unsuccessful and cooperation has been

withheld." Defendant's Notice of Motion to Compel Certified Answers to Interrogatories at 1;

l) "Plaintiff has previously lied under oath in this litigation during her deposition, creating even greater prejudice to Defendant in not receiving certified answers since she is predisposed to lying." Certification of Jeffrey C. Sotland filed in support of Defendant's Motion to Compel Certified Answers to Interrogatories at ¶ 6;

m) "Loetta Cannon knew, as did the Law Firm [sic] of Tomar[,] Simonoff[, Adourian, O'Brien, Kaplan, Jacoby & Graziano] of the whereabouts of, or at least the means by which to locate, Dee Roberts." *Id.* at ¶ 11;

n) "It is believed that the reason for not communicating [Defendant's settlement offer] to the [b]ankruptcy [t]rustee was for the sole purpose that no fees would be received as a result of this litigation by plaintiff's law firms." *Id.* at ¶ 26;

o) "The actions of plaintiff rise to the level of perjury, obstruction of discovery by withholding relevant and pertinent information which is adverse to her interests, and violating the Bankruptcy Code of the United States by, in effect, hiding assets from her creditors." *Id.* at ¶ 29;

p) "Plaintiff's counsel's actions are sanctionable as they rise to the level aiding plaintiff's actions and failing to communicate the settlement offer to the [b]ankruptcy [t]rustee in accordance with their obligations as [o]fficers of the Court in both New Jersey and Pennsylvania." *Id.* at ¶ 30;

q) "Plaintiff's actions, as well as her counsel's actions, are so contrary to the Rules of Ethics and, rising to the level of perjury, preclude [c]lass [c]ertification." *Id.* at ¶ 32;

r) "Plaintiff Loetta Cannon committed fraud on the court when she wilfully made false statements on two occasions during her deposition by defendant's counsel. Plaintiff's counsel also committed fraud on the court because plaintiff's counsel was aware of the false testimony and failed to disclose the deceit of the plaintiff." *Id.* at ¶ 5 (internal quotations omitted).

The Court finds that sanctions may be warranted against Mr. Sotland for his repeated use of inflammatory language in his personal attacks on Plaintiff and her attorneys, his unsupported accusation of perjury and unethical conduct and the misstatements of facts contained in his sworn certifications.

### 2. Violations of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of New Jersey.

■ Another consistent theme in Defendant's motion papers is Mr. Sotland's almost complete disregard for the Federal Rules of Civil Procedure and the Local Rules of this Court. The Court further finds that Mr. Sotland has violated the following rules of this Court:

a) Fed.R.Civ.P. 37(a)(2)(A) and Local Rule 37.1(b)(1) by not making a good faith effort to resolve a discovery dispute before filing Defendant's motion to compel certified answers to interrogatories;

b) Local Rule 37.1(a)(1) by not presenting the issue of Plaintiff's certified answers to the Court before filing Defendant's motion to compel;

c) Local Rule 37.1(b)(3) by filing a reply brief and certification of counsel in its motion to compel discovery responses;

d) Local Rule 7.1(c)(3) by filing reply papers four weeks late in Defendant's motion to disqualify Plaintiff's counsel;

e) Local Rule 7.2(a) by repeatedly filing certifications of counsel that contain facts outside the personal knowledge of counsel, as well as impermissible factual and legal arguments; and

f) RPC 3.2 and Fed.R.Civ.P. 1 by failing to treat all parties in this litigation with courtesy and consideration and by prolonging and increasing the costs of this litigation with frivolous motions.

The Court finds that sanctions may be warranted against Mr. Sotland for his repeated violation of the rules of this Court.

**164**

▋ The Court also finds that Mr. Sotland is entitled to some procedural safeguards before the Court imposes sanctions on him. *See Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Simmerman v. Corino,* 27 F.3d 58, 64 (3d Cir.1994); *Eash v. Riggins Trucking Inc.,* 757 F.2d 557, 570–71 (3d Cir. 1985). Therefore, the Court will give Mr. Sotland fourteen days from the date this Opinion and Order are filed to submit to the Court in writing the reasons sanctions should not be imposed against him for his conduct in this litigation described in this opinion.

### III. *Conclusion*

For the reasons discussed above, Defendant's motion to disqualify Plaintiff's counsel is denied; Defendant's motion for imposition of Rule 37 sanctions is denied; Plaintiff's motion for imposition of Rule 11 sanctions is denied; and Defendant's motion for imposition of sanctions under this Court's inherent authority is denied.

Additionally, Defendant's counsel, Jeffrey C. Sotland, shall submit to the Court in writing the reason why the Court should not impose sanctions on him for his conduct in this litigation.